UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **Elizabeth Gould**<br>    Plaintiff | CIVIL ACTION NO. |
| v. | JUDGE: |
| **NEW ORLEANS CARRIAGE CAB CORPORATION**<br>    Defendant | MAGISTRATE: |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. This is a proceeding for damages and injunctive relief to redress the deprivation of rights secured to Elizabeth Gould ("Gould" or "Plaintiff") by the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12101 et seq. ("ADAAA").

2. The purpose of the ADAAA is to eliminate employment discrimination in the workplace against individuals with disabilities. The ADAAA makes it unlawful to intentionally discriminate against a qualified employee on the basis of a person's disability, having a record of a disability, or being regarded as having a disability. As alleged further below, Defendant terminated the employment of Gould, who has epilepsy, and discriminated against her in violation of the ADAA.

3. The ADAAA also provides punitive damages as a deterrent.

### JURISDICTION

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331. Plaintiff has filed this suit within 90 days of receipt of her right to sue letter from the Equal Employment

-1-

Opportunity Commission. Plaintiff, therefore, has exhausted the administrative prerequisites to filing suit.

## VENUE

6. The unlawful employment practices alleged below were committed within the state of Louisiana, and venue, therefore, lies in the United States District Court for the Eastern District of Louisiana under 42 U.S.C. § 2000e-5(f)(3). Moreover, Plaintiff worked for Defendant and would have continued to work for Defendant in this judicial district but for the alleged unlawful employment practices.

## PARTIES

7. Pitts is a resident of Jefferson, Louisiana and is a person entitled to protection pursuant to the provisions of 42 U.S.C. §12111(8).

8. Defendant, New Orleans Carriage Cab Corporation ("Carriage Cab") is a Louisiana corporation authorized to do and doing business in the state of Louisiana. It is an employer within the meaning of 42 U.S.C. § 12111(5)(A).

## FACTS

9. Please began her employment in May 2014 as a Dispatcher.

10. Plaintiff's immediate supervisor was District Manager, Lenny Feller ("Feller"). Yevgeniy (Gene) Gekker is the President.

11. Carriage Cab utilizes a progressive discipline policy and evaluation policy which includes: (1) verbal warnings to identify problems; (2) written warnings, including a formal

meeting with the employee, to establish clear performance expectations to correct the problems; (3) an opportunity for the employee to present his or her case; and (4) termination, if the problems remain unresolved after the above steps.

12. Plaintiff was never disciplined for any kind of deficient performance or misconduct.

13. Plaintiff established a record of disability for seizure disorder (Epilepsy) in June 2017 and on November 4, 2015.

14. Carriage Cab admitted to the EEOC that in June 2017 and on November 4, 2017, Plaintiff had a seizure at work.

15. Carriage Cab wanted Plaintiff to take an ambulance to the hospital and admitted to the EEOC that they called the hospital to verify Plaintiff's disability and to make sure she could continue her job. Carriage Cab confessed to the EEOC that it was advised that there was no reason that Plaintiff could not continue working.

16. Plaintiff has an actual disability and/or Carriage Cab regarded her as disabled.

17. District Manager Feller and Plaintiff spoke on November 5, 2017. Feller agreed that Plaintiff could take a few days off and said, "Your job will always be here."

18. Plaintiff did not resign.

19. A few days later, Feller told Plaintiff that he had already replaced her and she was terminated.

20. Carriage Cab terminated Plaintiff's employment effective November 4, 2017.

21. Carriage Cab's reason for termination was unjustified.

22. The reason for the termination was disability discrimination under the ADAAA and/or retaliation under the ADAAA for the accommodation of time for a hospital visit.

23. Plaintiff asserts that whatever justification the Defendant ultimately uses to excuse her termination is a pretext for disability discrimination and retaliation under the ADAAA. This was a motivating factor in Plaintiff's termination.

24. Defendant's violation of the ADAAA was willful and/or due to a reckless disregard to her federally protected rights.

25. Plaintiff is a qualified individual with a disability, and alleges that Defendant unlawfully and discriminatorily terminated Plaintiff's employment on account of her disability or, alternatively on account of her having a record of epilepsy, or alternatively on account of being regarded as having a disability, and said action violated the provisions of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 *et seq*.,

## DAMAGES

26. As a direct and proximate consequence of Defendants' unlawful and/or discriminatory policies and practices, Plaintiff has suffered a loss of income, including, but not limited to, past and future wages, reinstatement, benefits, payment for COBRA insurance and various other expenses, pain and suffering, mental anguish, compensatory damages, punitive damages, attorney's fees, costs and pre, and post termination judicial interest all to be specified at trial.

27. Plaintiff alleges that she was terminated due to disability discrimination and/or retaliation for seeking accommodations.

28. Plaintiff alleges that her termination was in blatant disregard of her federally protected rights under the ADAAA. Accordingly, Plaintiff alleges that punitive damages are appropriate herein.

29. Carriage Cab failed to enter a good faith interactive process in violation of the ADAAA when it began to have concerns over Plaintiff's medical condition.

30. Due to the above and foregoing allegations, Carriage Cab is liable unto Plaintiff for termination due to disability discrimination and/or retaliation under the ADAAA; thus Carriage Cab is liable for:

    A. Back-pay including benefits;

    B. Front-pay including benefits;

    C. Mental anguish;

    D. Humiliation/embarrassment;

    E. Loss of enjoyment of life;

    F. Medical expenses;

    G. Punitive Damages;

    H. Pre, and post judgment interest;

    I. Attorney's fees;

    J. Costs of these proceedings; and

    K. Injunctive relief enjoining defendant from interfering with plaintiff's efforts to obtain future employment and enjoining and permanently restraining these violations of Louisiana Law and Federal law.

## IV. JURY DEMAND

31.     Plaintiff requests trial by jury.

32.     Plaintiff reserves her right to supplement and amend this Complaint upon the discovery of additional facts.

33.     Plaintiff shows amicable demand to no avail.

WHEREFORE, Plaintiff, Elizabeth Gould, prays that Defendant, New Orleans Carriage Cab Corporation, be duly cited to appear and answer this Complaint and Jury Demand and, after due proceedings and legal delays, there be judgment herein in favor of your Plaintiff, and against Defendants, as detailed in the foregoing Complaint and Jury Demand and in an amount reasonable in the premises, together with legal interest from the date of judicial demand and judgment, all costs of these proceedings, reasonable attorney's fees, punitive damages and any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

                Respectfully submitted,

                __/s/ James L. Arruebarrena_____
                James L. Arruebarrena (#22235) T.A.
                James L. Arruebarrena, LLC
                1010 Common Street, Suite 3000
                New Orleans, Louisiana 70112
                Telephone (504) 525-2520
                Facsimile (504) 518-4432
                jim@unfairtermination.com

                **Attorney for Elizabeth Gould**

**SERVICE VIA SUMMONS TO**
**New Orleans Carriage Cab Corporation's Agent for Service of Process:**

**Ira J. Middleberg, Esq.**
**909 Poydras St., Suite 1400**
**New Orleans, LA 70112**